IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:96-CR-9-H-1
No. 5:13-CV-637-H

TERRY EUGENE COOK,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss [D.E. #322] in response to petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. ##312, 316]. Petitioner has responded, and this matter is ripe for adjudication.

**BACKGROUND**

On March 25, 1996, petitioner pled guilty, pursuant to a written plea agreement [D.E. #121], to one count of conspiracy to distribute and possess with the intent to distribute at least 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846 (Count 1) and one count of use and possession of a firearm during and in relation to a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and (2)

(Count 8). [D.E. #121]. On February 18, 1997, this court sentenced petitioner to a term of imprisonment of 322 months. [D.E. #190]. Petitioner did not appeal; therefore, his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

On September 4, 2013, petitioner filed a motion to vacate his sentence [D.E. #312] and then filed a corrected motion [D.E. #316] on September 30, 2013, in compliance with the order of this court directing him to do so. Petitioner claims: (1) that his attorney was ineffective for failing to adequately represent petitioner at various stages; (2) that he should be re-sentenced in light of reduced crack-to-powder ratios set forth in the Fair Sentencing Act of 2010 ("FSA"); (3) that his sentence was not fair; and, (4) that the prosecutor engaged in misconduct by withdrawing a Rule 35 motion. [D.E. #316 at 4, 5, 7, and 8]. In support of these arguments, petitioner cites the recent decision of the United States Supreme Court in Alleyne v. United States, 133 S. Ct. 2151 (2013). [D.E. #312 at 3; D.E. #316 at 12].

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner's motion was not filed within one year of his judgment becoming final. Therefore, petitioner's motion was not filed within the statutory period set forth in section 2255(f)(1). Furthermore, this court has already considered and denied a sentencing reduction in petitioner's case related to the FSA. [D.E. #331]. Finally, the Supreme Court's decision in Alleyne does not apply retroactively to cases on collateral review. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Clay v. United States, 4:04-CR-65-H (E.D.N.C. May 6, 2014). Therefore, petitioner has not alleged sufficient facts to

3

warrant an extension of the limitations period pursuant to 28 U.S.C. § 2255(f)(3). Petitioner's motion is untimely.

The statute of limitations period for section 2255 motions is subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way that prevented him from timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner does not allege sufficient facts and circumstances in his petition to justify a finding of equitable tolling.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [D.E. #322] is GRANTED, and petitioner's section 2255 motion [D.E. ##312, 316] is DISMISSED. The clerk is directed to close this case.

4

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 *(2000)*; Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 18th day of November 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34